**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY CORTESE, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>        -against-<br><br>SKANSKA KOCH, INC. and SKANSKA USA INC,<br><br>        Defendants. | Case No.:<br><br><br><br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff, Anthony Cortese ("Plaintiff"), individually and on behalf of others similarly situated by and through his attorneys, Brach Eichler LLC, alleges against Defendants, Skanska Koch, Inc. ("Skanska Koch") and Skanska USA Inc. ("Skanska USA") (collectively, "Defendants"), as follows:

**PRELIMINARY STATEMENT**

1.       Plaintiff brings this action on behalf of (a) himself and other similarly situated employees who have worked for the Defendants on the Project on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) himself and other similarly situated employees who have worked for the Defendants on the Project on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 137 *et seq.*, to recover wages and benefits which Plaintiff and the members of the putative class are statutorily and contractually entitled to receive for work they performed on the public works project which Defendants contracted with the Port Authority of New York and New Jersey ("PANY") for the George

1

Washington Bridge rehabilitation and upgrade project (the "Project")

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction).  Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendant Skanska USA's principal place of business is located in this District and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

4.      Defendant Skanska Koch is a foreign corporation authorized to conduct business in the State of New York and maintains its principal place of business at 400 Roosevelt Avenue, Carteret, New Jersey 07008.

5.      Defendant Skanska USA is a domestic corporation organized under the laws of the State of New York and maintains its principal place of business at 350 Fifth Avenue, 32nd Floor, New York, New York 10118

6.      At all times relevant hereto, Defendant Skanska Koch has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

7.      At all times relevant hereto, Defendant Skanska USA has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning

2

gross annual sales over $500,000.

8.      At all relevant times hereto, Defendant Skanska Koch has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

9.      At all relevant times hereto, Defendant Skanska USA has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203

10.     Plaintiff, and Defendants' other employees, regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

11.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

12.     Defendants Skanska Koch and Skanska USA constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13.     Defendants Skanska Koch and Skanska USA constitute "joint employers" of Plaintiff and the putative class members pursuant to 29 C.F.R. § 791.2 because Defendants have an arrangement to share Plaintiff's services, Skanska Koch is acting directly in the interest of Skanska USA, and/or Defendants share control of Plaintiff and other similarly situated employees because Skanska USA controls Skanska Koch.

14.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.

15.     At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

*Plaintiff's Employment for Defendants*

16.     Upon information, Defendants are full-service construction contractors.

17.     Upon information, in or around October 2017, Defendant Skanska USA entered into a contract with the PANY to serve as the general contractor for the Project.

18.     The Project is a public work project to which NYLL § 220 applies.  *See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 208 A.D.2d 63 (1995), *aff'd,* 87 N.Y.2d 927 (1996).

19.     Defendants hired employees to work in various positions on the Project in a number of trades including laborers, crane operators, and ironworkers, and employees in other similar positions.

20.     On or about April 8, 2019, Plaintiff commenced his employment as a W-2 employee of Defendant Skanska Koch as one (1) of three (3) crane operators on the Project.

21.     Specifically, Plaintiff is a crane operator on the Project.

22.     Plaintiff is also a member of the International Union of Operating Engineers, Local 825, based out of Springfield, New Jersey.

## FACT ALLEGATIONS

23.     At all times relevant hereto, Defendants have committed the following acts and/or omissions with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

24.     Due to the constructability, practicality and feasibility issues involved on the Project, it was ultimately agreed upon by the PANY, Skanska and the various union representatives that there would be no jurisdictional state "boundary" line on the Project span regarding union employment.

BE:10671816.1/COR283-277245

25.     Consequently, the PANY, Skanska and the various union representatives agreed that New York union members working for Defendants could work on the New Jersey portion/territory of the George Washington Bridge ("GWB") span, and that New Jersey union employees working for Defendants could work on the New York portion/territory of the GWB span.

26.     As a result, all construction trades, including crane operators, employed by Defendants on the GWB Project were authorized to work anywhere on the GWB Project, regardless of whether the employee is/was a New Jersey or a New York City based union member.

27.     During the first three (3) weeks of his employment, Plaintiff performed work on the New York City side of the Project while operating a fifteen (15) ton Tadano RT crane and a hoist.

28.     In addition, Plaintiff shared in the overtime work associated with the fifteen (15) ton Tadano RT crane located on the New York side of the GWB span with the two (2) other New York City union crane operators.

29.     Despite working in the New York City jurisdiction of the Project for the first three (3) weeks, Plaintiff was only paid the statutory New Jersey prevailing wage rate for his work within the New York City territory rather than the New York City prevailing wage for crane operators as required by NYLL § 220.

30.     Notably, while the other two (2) crane operators working on the Project for Defendants are New York City union members of the International Union of Operating Engineers, Local 14 who routinely performed/perform work on the New Jersey side of the GWB span, they at all times received New York City prevailing wage for all work they performed on the New Jersey side, despite the fact their work is/was identical to the work Plaintiff performed during that

5

time on the New York City side of the GWB span.

31.     NYLL § 220(3)(a) provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not less than the "prevailing rate of wages … in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used."

32.     The "prevailing rate of wage" is the rate if wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector." *See* NYLL § 220(5)(a).

33.     NYLL § 220(3)(b) further requires that laborers, workmen and mechanics upon such public work be provided "supplements" at the prevailing rate.

34.     "Supplements" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. *See* NYLL § 220(5)(b).

35.     Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to, incorporated in or otherwise made a part of Defendants' contract with the PANY.

36.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Defendants' public works contract with PANY for the Project was made for the benefit of all workers furnishing labor on the Project and, as such, the workers furnishing labor on the Project are the beneficiaries of that promise.

37.     Even absent any agreement, the prevailing wage laws require wages to be paid "for a legal day's work ... to laborers, workmen or mechanics upon such public works, shall not be less

6

than the prevailing rate of wages [as defined therein]." § NYLL 220(5)(a)

38.     Pursuant to the Prevailing Wage Schedule for New York City effective from July 1, 2018-June 30, 2019, an Operating Engineer – Steel Erection II, was required to be paid the following rates:

      a.   Wage Rate per Hour:  $81.54;

      b.   Supplemental Benefit Rate per Hour:  $31.85;

      c.   Supplemental Note:  $57.75 overtime hours; and

      d.   Shift Wage Rate:  $130.46.

39.     Pursuant to the Prevailing Wage Schedule for New York City effective from July 1, 2019-June 30, 2020, an Operating Engineer – Steel Erection II, is required to be paid the following rates:

      a.   Wage Rate per Hour:  $83.75;

      b.   Supplemental Benefit Rate per Hour:  $32.95;

      c.   Supplemental Note:  $59.95 overtime hours; and

      d.   Shift Wage Rate:  $134.00.

40.     The difference between the New Jersey prevailing wage rates paid to Plaintiff and the equivalent NYC prevailing wage rates is staggering and stands to cost Plaintiff over one million dollars in wages over the course of the Project, which is expected to last for approximately one decade.  The difference in those rates is as follows

**HOURLY STANDARD PREVAILING WAGE (01.01.2019 to 06.30.2019):**
New Jersey Hourly Prevailing Wage: $54.13
NYC Hourly Prevailing Wage:              $81.54
**Difference Per Hour:                        $27.41**

**HOURLY ANNUITY CONTRIBUTION:**
New Jersey Annuity:              $5.30
NYC Hourly Annuity:                      $10.25
**Difference:                            $4.95**

7

**HOURLY SAVINGS/VACATION FUND CONTRIBUTIONS:**
New Jersey Hourly Savings:           $3.00
NYC Hourly Savings:                           $4.50
**Difference:                         $1.50**



**HOURLY STANDARD PREVAILING WAGE (07.01.2019 to 12.31.2019):**
New Jersey Hourly Prevailing Wage: $55.48
NYC Hourly Prevailing Wage:               $83.75
**Difference Per Hour:                $28.27**

**HOURLY ANNUITY CONTRIBUTION:**
New Jersey Annuity:                  $5.30
NYC Hourly Annuity:                          $10.50
**Difference:                         $5.20**

**HOURLY SAVINGS/VACATION FUND CONTRIBUTIONS:**
New Jersey Hourly Savings:           $3.00
NYC Hourly Savings:                           $4.50
**Difference:                         $1.50**

41.    Upon discovering that he was not being paid the New York City prevailing wage for his work performed on the New York side of the GWB span, Plaintiff complained to both Michael McCue, Defendants' agent, representative and/or employee, and Eric Gallowitz of Ruzow & Associates, Inc., the third-party payroll administrator and liaison for the PANY.

42.    Following his complaint to Defendants regarding their failure to pay Plaintiff his statutorily entitled NYC Prevailing Wage, Defendants unlawfully retaliated against Plaintiff by ostracizing him and relegating him to exclusively operating the hoist located on the New Jersey side of the GWB span.

43.    As a result of Defendants' retaliation, Plaintiff has been intentionally deprived of sharing overtime work with the two other New York union crane operators because that overtime work was, until recently, exclusive to the fifteen (15) ton Tadano RT crane operated on the New York side of the GWB span.

44.    Plaintiff was first told by Mike McCue and then his business agent, Cesar Gamio,

BE:10671816.1/COR283-277245

that the overtime would be shared amongst the three (3) crane operators.

45.     Tellingly, that shared overtime arrangement did not change until Plaintiff complained about Defendants' failure to pay him the New York City Prevailing Wage for his work on the New York side of the GWB span.

## COLLECTIVE ACTION ALLEGATIONS

46.     Pursuant to the FLSA, §§ 207 and 216(b), Plaintiff brings his First cause of action as a collective action on behalf of himself and other similarly situated employees of Defendants.

47.     Defendants' failure to comply with the FLSA extended beyond the Plaintiff to all other similarly situated employees insofar as Defendants had a policy to not pay their New Jersey union member employees at one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York side of the GWB span.

48.     Plaintiff seeks certification of the First cause of action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former individuals New Jersey union members employed by Defendants on the Project who have been denied payment of one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York side of the GWB span.

49.     Upon information and belief, there are at least sixty (60) current and former New Jersey union member employees of Defendants who have been denied payment of one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York side of the GWB span while working for Defendants.

50.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to

9

pay them one and half times the New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York side of the GWB span.  The claims of Plaintiff stated herein are similar to those of the other employees.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23(b)(3) FOR VIOLATIONS OF THE NYLL

51.      Pursuant to NYLL § 220 and the New York common law of contract, unjust enrichment, and quantum meruit, Plaintiff brings his Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action under Fed. R. Civ. P. 23 on behalf of himself and a class of persons consisting of all labor foremen and general laborers who are or were formerly employed by Defendants on the Project from its commencement through the entry of final judgment in this case (the "NYLL Class Period") who were not paid New York City prevailing wage rates for all hours worked on the New York side of the GWB span.  This class is hereinafter referred to as the "NYLL Class."

52.      More specifically, the NYLL Class consists of Plaintiff and each and every other person who performed work in such construction trades, which include but are not limited to crane operators and other related construction trades, for Defendants and/or other entities controlled by Defendants for the Project who:  (i) were not paid New York City prevailing wage rates for work performed on the New York side of the GWB span; and/or (ii) were not paid two (2) times the New York City prevailing wage rate for all hours over forty (40) per week and/or eight (8) hours per day for work performed on the New York side of the GWB span.

53.      Upon information and belief, this class of persons consists of not less than forty (40) employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

54.      There are questions of law and fact common to the class, which predominate over

BE:10671816.1/COR283-277245

any questions affecting only individual members, specifically:  (i) whether Plaintiff's and the NYLL Class' work on the New York side of the GWB span for the Project is subject to the jurisdiction and the prevailing wage requirements of the NYLL § 220 and the New York City Prevailing Wage Schedule; (ii) whether Defendants breached their contracts with the PANY by failing to pay Plaintiff and the members of the NYLL Class, who were the third-party beneficiaries of such contracts, at New York City prevailing wage rates for all hours worked on the New York side of the GWB span for the Project; (iii) whether Defendants failed and/or refused to pay Plaintiff and the members of the NYLL Class overtime wages at the New York City prevailing wage overtime rates for all hours worked on the New York side of the GWB span for the Project in excess of forty (40) hours per workweek or eight (8) hours per day; (iv) whether Defendants failed and/or refused to pay Plaintiff and the members of the NYLL Class supplemental benefits as required by the New York City prevailing wage schedule for their work on the New York side of the GWB span for the Project; and (v) whether Defendants were unjustly enriched by failing to pay Plaintiffs and the members of the NYLL Class at prevailing wage rates for work on the New York side of the GWB span for the Project.

55.     The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

56.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class and Plaintiff's counsel is experienced in handling class litigation.

57.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

BE:10671816.1/COR283-277245

58.     The Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action is also properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

59.     Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, and Seventh claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations Against Defendants – Collective Action)

60.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61.     Throughout the statute of limitations period covered by these claims, Plaintiff and others similarly situated regularly worked in excess of forty (40) hours per workweek.

62.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated one and a half times the statutorily required New York City prevailing wage rate for all hours over forty (40) per week for work performed on the New York side of the GWB span in violation of the FLSA, 29 U.S.C. § 207.

63.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Plaintiff and others similar situated seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, 29 U.S.C.

BE:10671816.1/COR283-277245

§ 216, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations Against Defendants – Class Action)

65.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

67.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiff and members of the NYLL Class the required overtime rates, two (2) times their regular rate of pay, for hours worked in excess of forty (40) per workweek and/or eight (8) hours per day.

68.     Defendants' NYLL violations have caused Plaintiff and the NYLL Class members irreparable harm for which there is no adequate remedy at law.

69.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the members of the NYLL Class have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Pay Wages Against Defendants – Class Action)

70.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.     The prevailing wages, supplemental benefits and overtime compensation not paid to Plaintiff and members of the NYLL Class are wages within the meaning of NYLL §§ 190, 198 and 198(1-a).

BE:10671816.1/COR283-277245

72.     Defendants violated NYLL § 191 by failing to timely pay to Plaintiff and the members of the NYLL Class the statutorily and contractually required prevailing wages, supplemental benefits and overtime compensation required by the New York City prevailing wage schedule for all work performed on the New York side of the GWB span for the Project.

73.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL because Defendants failed to provide such payment, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Article 6 Violation Against Defendants – Class Action)

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     The prevailing wages, supplemental benefits and overtime compensation Defendants were obligated to Plaintiff and members of the NYLL Class are wages within the meaning of NYLL §§ 190 and 198.

76.     NYLL, Article 6, § 195(3) provides, inter alia, that every employer shall furnish each employee with every payment of wages a statement listing gross wages, deductions and net wages, and upon request of an employee, furnish an explanation of how such wages were computed.

77.     Defendants' willful failure to pay Plaintiff and the NYLL Class members overtime and prevailing wages and supplemental benefits, coupled with Defendants' failure to provide Plaintiff and members of the NYLL Class with a statement listing gross wages, deduction and net wages with each way payment are violations of Article 6 of the NYLL.

78.     As a direct and proximate result of Defendants' willful and unlawful conduct, as

14

set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §198 of the NYLL because Defendants failed to provide such payment, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Quantum Meruit Against Defendants – Class Action
### Pled in the Alternative)

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     At all relevant times hereto, Plaintiff and members of the NYLL Class performed numerous and valuable services at the request and for the benefit of Defendants.  The reasonable value of those services for which Plaintiff and other members of the NYLL Class have not been paid is in an amount to be determined at trial, plus interest, costs and professional fees.

81.     Plaintiff and the other members of the NYLL Class seek payment from Defendants for the reasonable value of services provided to Defendants.

82.     Defendants have never paid Plaintiff or the other members of the NYLL Class at the correct prevailing wage rate and benefit rate.

83.     Plaintiff and the other members of the NYLL Class had a reasonable expectation of payment at the New York City prevailing wage and benefit rate for the hours worked on the New York side of the GWB span for the Project.

84.     By reason for the foregoing, Defendants are liable to Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

BE:10671816.1/COR283-277245

## SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment Against Defendants – Class Action
### Pled in the Alternative)

85.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all relevant times hereto, Plaintiff and the other members of the NYLL Class performed a significant amount of work for Defendants for which they have not been paid.

87.     Upon information, when Defendants entered into the contract with the PANY for the Project, they agreed to pay the statutorily required prevailing wage, supplemental benefit and overtime compensation rates to Plaintiffs and the other members of the NYLL Class.

88.     As a result of Defendants' failure to pay said wages, Defendants were unjustly enriched for work and services performed by Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract Against Defendants – Class Action)

89.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90.     Upon information, Defendants contract with the PANY for the Project contained a schedule of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff and the other members of the NYLL Class.

91.     Those prevailing rates of wages and supplemental benefits were made a part of Defendants' contract with the PANY for the benefit of Plaintiff and the other members of the NYLL Class.

92.     Defendants breached their contract with the PANY by willfully failing to pay and ensure payment to Plaintiff and the other members of the NYLL Class the prevailing rates of wages and supplemental benefits for all labor performed for the Project.

16

93.      By reason of their breach of their contract with the PANY for the Project, Defendants are also liable to Plaintiff and the other members of the NYLL Class in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (Unlawful Retaliation Under NYLL Against Defendants)

94.      Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95.      Defendants have engaged in a pattern or practice of retaliation in violation of the NYLL.

96.      Plaintiff attempted to enforce his rights under the NYLL by complaining to Defendants about wage and hour violations on the Project.

97.      Plaintiff's actions are protected activities under NYLL § 215.

98.      Defendants retaliated against Plaintiff after he complained about the NYLL wage and hour violations as alleged herein.

99.      A reasonable employee would have found each retaliatory act described herein to be materially adverse.  Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

100.     Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate Plaintiff and to otherwise interfere with his attempt to vindicate his rights under the NYLL.

101.     By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of NYLL § 215.

BE:10671816.1/COR283-277245

102.     Plaintiff has suffered damages, including but not limited to emotional distress and lost wages as a result of Defendants' retaliation.

103.     Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of his employment.

104.     Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2)(b).

105.     By reason of their unlawful retaliation, Defendants are liable to Plaintiff in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
**(Unlawful Retaliation Under FLSA Against Defendants)**

106.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107.     Defendants have engaged in a pattern or practice of retaliation in violation of the FLSA.

108.     Plaintiff attempted to enforce his rights under the FLSA by complaining to Defendants about wage and hour violations on the Project in an effort to institute proceedings regarding same.

109.     Plaintiff's actions are protected activities under the FLSA.

110.     Defendants retaliated against Plaintiff after he complained about the FLSA wage and hour violations as alleged herein.

111.     A reasonable employee would have found each retaliatory act described herein to be materially adverse.  Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

BE:10671816.1/COR283-277245

112.     Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate Plaintiff and to otherwise interfere with his attempt to vindicate his rights under the FLSA.

113.     By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of the FLSA, 29 U.S.C. § 215(a)(3).

114.     Plaintiff has suffered damages, including but not limited to emotional distress and lost wages as a result of Defendants' retaliation.

115.     Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of his employment.

116.     By reason of their unlawful retaliation, Defendants are liable to Plaintiff in an amount to be determined at trial, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A.  Compensatory Damages in an amount to be determined at trial;

B.  Prejudgment Interest;

C.  Liquidated Damages pursuant to the FLSA and NYLL;

D.  Punitive Damages;

E.  Plaintiff's costs and reasonable attorneys' fees; and

F.  Any relief the Court deems just and proper.

BE:10671816.1/COR283-277245

**BRACH EICHLER LLC**
Attorneys for Plaintiff

BOB KASOLAS, ESQ.

Dated: December 6, 2019

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**BRACH EICHLER LLC**
Attorneys for Plaintiff

BOB KASOLAS, ESQ.

Dated: December 6, 2019

BE:10671816.1/COR283-277245