UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CORTESE, individually and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SKANSKA KOCH, INC., and SKANSKA USA, INC.;<br><br>*Defendants*. | Civil Action No.: 1:19-cv-11189 (JSR)<br><br>**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS THE CASE WITH PREJUDICE INCLUDING INCORPORATED MEMORANDUM OF LAW** |

Plaintiff Anthony Cortese (hereafter "Plaintiff") and Defendants Skanska Koch, Inc., and Skanska USA, Inc. (hereafter "Defendants") (collectively "the Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Parties' Settlement Agreement is attached as **Exhibit "A"** (hereafter the "Agreement")**.**

### I.   Legal Principles

Pursuant to the case law regarding settlement of claims involving the Fair Labor Standards Act (hereafter "FLSA"), there are two ways in which claims under FLSA can be settled and released by employees. First, 29 U.S.C. 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the

1

FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against whom he alleges were his former employers, which was adversarial in nature.

The parties believe the settlement is fair and reasonable because the agreement satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2015). Moreover, the agreement satisfies the *Wolinsky* factors:

1) the Plaintiff['s] range of possible recovery;

2

2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses';

3) the seriousness of the litigation risks faced by the parties;

4) whether 'the settlement agreement is the product of arms-length bargaining by experienced counsel'; and

5) the possibility of fraud or collusion.

*Id*. at 335 (citing *Medley v. Am. Cancer Soc.*, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. 2010)).

The arm's-length nature of the adversarial proceedings is discussed above. There is no possibility of fraud or collusion among counsel, and they remain active adversaries regarding the issues raised in this litigation in the context of a currently pending Second Circuit appeal. The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and wrongful termination as well as the damages potentially available to Plaintiff. Namely Plaintiff's Amended Complaint contained allegations of (i) FLSA overtime wage violations (Count 1), (ii) New York Labor Law (hereafter "NYLL") overtime wage violations (Count 2), (iii) NYLL failure to pay wages (Count 3), (iv) NYLL Article 6 violations (Count 4), (v) quantum meruit (Count 5), (vi) unjust enrichment (Count 6), (vii) breach of contract (Count 7), (viii) unlawful retaliation under the NYLL (Count 8), and (ix) unlawful retaliation under FLSA (Count 9).

By Opinion and Order dated June 17, 2021, the Honorable Jed S. Rakoff, U.S.D.J., dismissed all claims against Skanska USA, Inc.; all of Counts Four, Five, Six, Eight and Nine; and partial summary judgment on Counts One, Two, Three and Seven, limiting Plaintiff to only seek the New York Davis-Bacon rates and not the New York union-negotiated rates for his work performed in the state of New York. Although much of the case has been disposed of, one FLSA claim survives, which arguably requires court approval.

BE:12005771.1/COR283-277245

The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Following the decision on summary judgment, Plaintiff's best possible recovery, if any, has been limited to the Davis-Bacon Act wage rate for Bronx County, straight time and overtime, for the nine (9) days he worked at least partially on the New York span of the George Washington Bridge (hereafter "GWB"). While Defendants dispute Plaintiff's entitlement to that wage rate, if Plaintiff was successful, he would be entitled to approximately five thousand dollars ($5,000.00), even with the FLSA's liquidated double damages provision. Defendants have offered Plaintiff considerably more than that in the interest of settling this action and avoiding the costs of a trial. Even after Plaintiff pays his attorneys' fees and costs, Defendants argue this settlement is more than fair under the circumstances.

The settlement agreement allows both sides to avoid the cost, burden and risks involved with further litigation. The Parties have engaged in detailed and extensive settlement discussions, based upon their independent calculations and what they thought were their respective estimations should the case go to trial. Defendants in this case produced tens of thousands of pages of discovery, which Plaintiff's counsel has reviewed, and the issues relating to Plaintiff's possible entitlement to damages have been extensively briefed by both sides, resulting in a comprehensive and reasoned decision by Your Honor. Plaintiff, through his attorneys, is very well suited to understand the nature of his claims, the bona fide dispute of the Parties as to whether he is due anything, and his relative chance of success should he proceed to trial. Plaintiff's execution of the Settlement Agreement is, therefore, knowing, voluntary and based on the advice of counsel and his full knowledge of all the relevant documents.

BE:12005771.1/COR283-277245

## II. Terms of Settlement

The Agreement attached to this motion (**Exhibit "A"**) includes every term and condition of the Parties' settlement. This case involved, as its heart, a claim by Plaintiff to receive a higher prevailing wage for the work he did on the New York territorial side of the GWB Project for Defendants. Plaintiff also alleged that Defendants retaliated against him for complaining about what he thought was an improper payment practice, although those claims were dismissed on summary judgment. Defendants adamantly denied that Plaintiff was entitled to anything other than the wage rate that he paid for all his work on the GWB Project.

As a result, the settlement agreed upon in this matter – total payment of $85,000.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have agreed that the settlement payment will be apportioned as follows:

a. Three thousand dollars ($3,000.00) as payment to Plaintiff for alleged unpaid wages under the FLSA;

b. Thirty-nine thousand dollars ($39,000.00) as payment to Plaintiff for alleged emotional distress and/or liquidated damages under the FLSA;

c. $5,094.02 payable to Plaintiff's counsel as reimbursement for expenses; and

d. $37,905.98 payable to Plaintiff's counsel as attorney's fees.

The above amount of attorneys' fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered by Brach Eichler LLC in attorney's fees and costs is fair and reasonable, and they accept this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. A copy of Brach Eichler's declaration and billing records in support of this motion are attached as **Exhibit "B"**.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice. A copy of a proposed So-Ordered Stipulation dismissing the action with prejudice is attached hereto as **Exhibit "C"**.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Bob Kasolas | s/ Gregory R. Begg <br> By:_____ |
| Bob Kasolas, Esq. | Gregory R. Begg, Esq. |
| BRACH EICHLER LLC | PECKAR & ABRAMSON, P.C. |
| 5 Penn Plaza, 23rd Floor | 1325 Avenue of the Americas, 10th Fl. |
| New York, NY 10001 | New York, NY 10019 |
| Tel.: (212) 896-3974 | Tel: (212) 382-0909 |
| *Attorney for Plaintiff* | *Attorneys for Defendant Skanska Koch, Inc., and Skanska USA, Inc.* |
| Dated: October 5, 2021 | Dated: October 5, 2021 |

6